08-1275-ag
Wang v. Holder

BIA
A077 009 251

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

XIU MEI WANG,
> *Petitioner*,

> v.                                   08-1275-ag
>                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
> *Respondent*.

_____

FOR PETITIONER:        Tina Howe, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

**Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Charles E. Canter, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiu Mei Wang, a native and citizen of the People's Republic of China, seeks review of the February 20, 2008, order of the BIA, which denied her motion to reopen. *In re Xiu Mei Wang*, No. A077 009 251 (B.I.A. Feb. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely because she filed it over four years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

**A. Ineffective Assistance of Counsel**

In some circumstances, under the doctrine of equitable

2

tolling, ineffective assistance of counsel can extend the filing deadline for an alien's motion to reopen. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). In order to warrant equitable tolling, however, the alien is required to demonstrate that she exercised "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not act arbitrarily or capriciously in concluding that Wang failed to exercise due diligence, because she filed her third motion to reopen more than three years after she reasonably should have discovered that she received ineffective assistance of counsel. *See id.* Wang provided the BIA with no explanation as to why she waited three years to seek reopening. Accordingly, the BIA's due

3

diligence finding was not an abuse of discretion. *See id.* That finding alone was dispositive of Wang's ineffective assistance claim. *See Cekic*, 435 F.3d at 171.

**B. Changed Country Conditions**

Wang further argues that the BIA erred by refusing to reopen her proceedings based on alleged changed country conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Specifically, she claims that the BIA failed to consider the evidence she submitted. However, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Here, it is clear that the BIA considered the evidence Wang submitted–evidence it is asked to consider time and again–and it did not err in denying her motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is

4

DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk